Larry J. Wulkan (021404)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email: larry.wulkan@stinson.com
Attorneys for Non-Party Witnesses Colleen Root and Hilary Baldwin

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>  Plaintiff.<br><br> v.<br><br>Illumina, Inc, and Grail, Inc.<br><br>  Defendants. | No.<br><br>**MOTION TO QUASH SUBPOENAS ISSUED TO NON-PARTY WITNESSES COLLEEN ROOT AND HILARY BALDWIN**<br><br>-AND-<br><br>**MOTION FOR A PROTECTIVE ORDER** |

Non-party witnesses Colleen Root and Hilary Baldwin—who are both Arizona residents—move to quash subpoenas that have been issued which compel their attendance for a deposition in a California matter. The subpoenas should be quashed because the testimony sought from Ms. Root and Ms. Baldwin is not relevant, imposes an undue burden on them and is not otherwise proportional to the needs of the case. A protective order should be entered precluding their depositions.

**I.   DEFENDANTS IN A CALIFORNIA CASE HAVE SUBPOENAED ARIZONA RESIDENTS TO APPEAR IN A MATTER THEY KNOW NOTHING ABOUT.**

In the underlying matter, the Federal Trade Commission has sued Defendants Illumina, Inc. and Grail, Inc., seeking to enjoin their prospective merger (the "Lawsuit"). A redacted copy of the Lawsuit is attached as **Exhibit A.** In the Lawsuit, the Defendants purportedly served Ms. Root and Ms. Baldwin with subpoenas to testify at a deposition

which is currently scheduled to take place on June 1 and 2, 2021. Neither Ms. Root, Ms. Baldwin, nor their employer—Caris Life Sciences, Inc. ("Caris")—is a party to the Lawsuit. Copies of the subpoenas are attached as **Exhibit B**.[1] Neither Ms. Root nor Ms. Baldwin know anything relating to the Defendants' contemplated merger and otherwise have no interest in the Lawsuit or the issues and claims raised therein.[2]

While Caris does not appear to be mentioned by name in the redacted Lawsuit (it does not have access to the unredacted pleading), the Defendants have stated in written discovery requests, and related correspondence, that they seek information related to the FTC's allegation that: "Caris [] expect[s] to launch NGS-based colorectal cancer early detection tests as first steps towards developing MCED tests that would compete with Grail's Galleri test."[3] Neither Ms. Root nor Ms. Baldwin have any knowledge or information bearing on this allegation.[4]

Ms. Root holds the position of Senior Manager Supply Chain at Caris. She handles procurement for Caris and helps coordinate and facilitate Caris's purchase of office and laboratory supplies, and then tries to negotiate the best price when placing such purchase orders.[5] The Defendants have represented that they want to ask Ms. Root and Ms. Baldwin about a supply agreement between Illumina and Caris – an agreement that has not been fully negotiated or executed by the parties.[6] While Ms. Root may have engaged in some routine discussions with Illumina personnel about a *prospective* supply agreement that is

---

[1] While Ms. Root was served at her home, Ms. Baldwin is not aware of ever having been served with the subpoena. Defendants' counsel has represented that both have been personally served. Counsel for Caris, Ms. Root and Ms. Baldwin have requested and are awaiting receipt proof of such service.

[2] *See* Declaration of Hilary Baldwin, generally, a true and correct copy of which is attached as **Exhibit D**; Declaration of Colleen Root, generally, a true and correct copy of which is attached as **Exhibit E**.

[3] Defendants' Subpoena to Produce Documents, Information, or Objects ("Defendants' Document Subpoena") at Request for Production No. 4, a true and correct copy of which is attached at **Exhibit C**. Brackets and ellipses are in the original discovery requests and communications from the defendants. The undersigned does not know what has been omitted.

[4] *See* **Exhibit D** at ¶¶ 2-4; **Exhibit E** at ¶¶ 2-4.

[5] *See* **Exhibit E** at ¶ 5.

[6] *See* **Exhibit D** at ¶5; **Exhibit E** at ¶5.

2

not in place, she possesses no unique and relevant information or knowledge that is not otherwise obtainable from Illumina and its employees, including Wilson Braulio, Charmaine D'Souza, and Stephani Abernathy.[7]

Ms. Baldwin is Caris's Director of Regulatory Affairs and has never been served with a Subpoena.[8] She oversees Caris's FDA submissions.[9] It is unclear how or why Caris's FDA submissions bear any relevance on the Defendants' contemplated merger, or why the Defendants cannot otherwise obtain such information from less burdensome sources, including from the FDA, other publicly available sources, or the FTC as it relates to its Lawsuit.

On the other hand, Dr. David Spetzler is Caris's President and Chief Scientific Officer. He previously gave testimony to the FTC during an investigational hearing. Caris has agreed to permit the Defendants to take Dr. Spetzler's deposition in this case. Unlike Ms. Root and Ms. Baldwin, Dr. Spetzler *may* have knowledge relating to the lone FTC allegation on which the Defendants have relied in seeking discovery from Caris: "Caris [] expect[s] to launch NGS-based colorectal cancer early detection tests as first steps towards developing MCED tests that would compete with Grail's Galleri test." *See* Exhibit C at Request for Production No. 4.

## II.   THE COURT SHOULD QUASH THE SUBPOENAS

A court has the inherent power to control discovery and thus has broad discretion to quash a subpoena seeking information from a non-party that is irrelevant, duplicative, or burdensome. *See Roosevelt Irrigation Dist. v. Salt River Project Agricultural Improvement*, No. 2:10-CV-00290-DAE-BGM, 2006 WL 159842 at *2, 3 (D. Ariz. Jan. 14, 2016); *Klungvedt v. Unum Group*, No. 2:12-cv-00651-JWS, 2013 WL 551473 at *2 (D. Ariz. Feb. 13, 2013). According to the Ninth Circuit, a district court may "limit discovery to protect a party or person from annoyance, embarrassment, oppression, or

---

[7] *See* **Exhibit E** at ¶5.
[8] *See* **Exhibit D** at ¶6, and Exhibit 1 thereto.
[9] *See* **Exhibit D** at ¶¶ 1, 5.

3

undue burden and expense. ***Discovery restrictions may be even broader where the target is a non-party***." *Shieh v. Ebershoff*, 15 F.3d 1089 at *1 (9th Cir. 1993) (internal quotations omitted) (emphasis added).

In assessing the propriety of subpoenas directed at non-party witnesses, courts are instructed to "balance the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Cheatwood v. Christian Bros. Servs.*, No.2:16-cv-2946-HRH, 2018 WL 287389 at *2 (D. Ariz. Jan.4, 2018). Courts in this district have observed that: "The standards for nonparty discovery . . . require a stronger showing of relevance than for simple party discovery." *Williams v. Khan*, No. CV-17-00029-TUC-BPV, 2018 WL 2240261 at *5 (D. Ariz. May 15, 2018) (ellipses in original). Where, as here, the discovery sought from a non-party can be obtained from another source that is more convenient, less burdensome and less expensive, courts are obligated to limit the discovery sought. *See Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2013 WL 12098752 at *5 (D. Ariz. Dec. 11, 2013). Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (2d ed.1995). "[T]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source." *Id*.

Defendants cannot show that either Ms. Root or Ms. Baldwin possess knowledge or information relating to anything having to do with the Lawsuit. They certainly cannot show that Ms. Root or Ms. Baldwin has any knowledge or information that is somehow unique or non-duplicative of that which Dr. Spetzler may possess and will testify about.

Likewise, the Defendants cannot show that Ms. Root or Ms. Baldwin supposed knowledge about any yet-to-be-negotiated supply agreement with Illumina, or any

4

associated "regulatory issues," is compellingly relevant and necessary so as to offset the burden, expense, hardship, and inconvenience imposed by requiring Ms. Root or Ms. Baldwin to sit for a deposition. Indeed, information relating to any purported or prospective supply agreement between Illumina and Caris can be obtained from a much less burdensome source – from Illumina's own employees.

Because the testimony sought from Ms. Root or Ms. Baldwin is not relevant, imposes an undue burden on Ms. Root or Ms. Baldwin, and is not otherwise proportional to the needs of the case, the Court should quash the subpoenas directed at them and enter an order protecting them from having to give depositions in this case.

## Certification

Pursuant LRCiv. 7.2(j), the undersigned certifies that, after telephonic and email conversations on the subject, despite sincere efforts to do so, counsel for Caris, Ms. Root and Ms. Baldwin (C. Scott Jones) has communicated with the Defendants' counsel and has been unable to satisfactorily resolve the matter raised herein.

RESPECTFULLY SUBMITTED this 21st day of May, 2021.

**STINSON LLP**

By: /s/ Larry J. Wulkan
Larry J. Wulkan
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for Plaintiffs.

COPY served via U.S. Mail this
_21st_ day of May 2021, to:

Sharonmoyee Goswami
Cravath Swaine & Moore, LLP
825 8th Avenue
New York, NY  10019
sgoswami@cravath.com

Michael G. Egge
Marguerite M. Sullivan
Latham & Watkins, LLP
555 Eleventh Street, N.W.
Washington, D.C.  20004

Michael.Egge@LW.com
Marguerite.Sullivan@LW.com
Susan Musser
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

By: */s/ Kathleen Kaupke*

6

CORE/3515702.0004/166915120.3